UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY EVERETT, SR.,

    Plaintiff,

v.          Case No. 06-CV-13751

AKAL SECURITY, INC.,

    Defendant.
                                /

**ORDER DENYING DEFENDANT'S "MOTION TO COMPEL
THE JOINDER OF A NECESSARY PARTY, OR IN THE ALTERNATIVE,
TO DISMISS FOR FAILURE TO JOIN"**

Pending before the court is Defendant Akal Security, Inc., ("Akal") motion to compel joinder of the United States Marshals Service ("USMS") as a necessary party to this action, or in the alternative, to dismiss Plaintiff Gary Everett's cause of action for failure to join a necessary party. For the reasons set forth below, the court will deny Defendant's motion.

**I. BACKGROUND**

Everett began working as a Court Security Officer ("CSO") in the United States District Court for the Eastern District of Michigan on July 24, 1995 and ceased employment as a CSO on July 31, 2003. (Pl.'s Resp. at 2.) Akal provides the USMS with CSOs pursuant to a contract with the USMS. (Def.'s Mot. at 3.) The contract prohibits Defendant Akal from employing any individual that does not meet the USMS firearms qualification standards. *Id.*

Everett failed to meet the USMS firearms qualification standards in July 2003 and was terminated. (Id.; Pl.'s Resp. at 2.) Everett alleges that he was an uncontrolled

diabetic at the time of the evaluation and was denied requested accommodations that would have permitted him to pass the required firearms testing. (Pl.'s Resp. at 2.)

Everett filed a complaint in Wayne County Circuit Court on August 23, 2006. (*Id.*) Defendant removed the case to this court on the basis of federal question jurisdiction. Defendant then filed a motion urging this court to compel joinder of the USMS under Federal Rule of Civil Procedure 19, or in the alternative, to dismiss the claim for failure to join a necessary party.

## II.  STANDARD

Federal Rule of Civil Procedure 19, which governs the issue of joinder and provides in relevant part:

> (A) Persons to be Joined if Feasible.  A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the persons's ability to protect that interest or (ii) leave any of the persons already subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  If the person has not been so joined, the court shall order that the person be made a party.  If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

Fed.R.Civ.P. 19.  Federal Rule of Civil Procedure 12(b)(7) allows for dismissal of a cause of action for "failure to join a party under Rule 19."

In deciding if joinder is proper under Rule 19, the court must use a three-step test.  *Glancy v. Tabuman Ctrs., Inc.,* 373 F.3d 656, 666 (6th Cir. 2004) (internal citations omitted).  The first step is to decide if the person or entity is necessary to the action under Rule 19(a).  *Id.*  Second, if the person or entity is deemed to be necessary under

2

Rule 19(a), the court must determine if joining the party to the action will deny the court subject matter jurisdiction.  *Id.*  Finally, if joinder will deprive the court of subject matter jurisdiction, the court must look to Rule 19(b) factors to ascertain whether the court should "'in equity and good conscience" dismiss the case because the party is indispensable.  *Id.*

### III.  DISCUSSION

Akal contends that the USMS is a necessary party because Everett cannot be reinstated without making the USMS a party to the action.  According to the contract provisions, the USMS does not directly hire or fire CSOs but imposes minimum requirements CSOs must meet to maintain employment as a CSO under the contract. (Contract, Def.'s Ex. 2)  The contract specifically requires Akal to fire CSOs who do not satisfy the USMS firearms qualifications standards.  (*Id.*)  Because Everett did not meet the firearms standards, Akal claims that it was forced to terminate Everett's employment and would not be able to reinstate him as a CSO; only the USMS would be able to provide that remedy.  (Def.'s Mot. at 3.)

Everett contends that the court's ability "to fashion the appropriate remedy is not compromised due to the absence of the U.S. Marshall's Service" because Everett claims that complete relief need not include reinstatement.  (Pl.'s Resp. at 5.)  Everett submits that "[t]he appropriate remedy may include reinstatement *or* money damages." *(Id.* (emphasis added).)  Everett cites *Ross v. Beaumont,* 678 F.Supp. 680, 681 (E.D. Mich., 1978) to support his position that the court could award future damages in lieu of reinstatement.  In *Ross,* the plaintiff prevailed in her discriminatory discharge action and was awarded future damages instead of reinstatement.  *Id.*  Additionally, "[t]he complete

3

relief basis for joinder under Rule 19(a)(1) is narrowly interpreted.  Complete relief does not mean that every type of relief sought must be available, only that meaningful relief be available." *Scott Co. v. Cent. Garden & Pet Co.,* No. 00-755 2001 WL 506485, *3 (S.D. Ohio Apr. 25, 2001) (internal citations and quotations omitted).  It is not clear that Akal disagrees.  In its motion, Akal represented that it sought concurrence from Everett to "either add the United States Marshals Service... *or remove his request for reinstatement.*"  (Def.'s Mot. at 2 (emphasis added).)  Akal appears to object to Everett's failure to join the USMS only to the extent that Everett is pursuing reinstatement.

Because Everett submits and the court agrees that monetary damages can provide complete relief, the court is persuaded that the USMS does not qualify as a necessary party under Rule 19(a).

### IV.  CONCLUSION

IT IS ORDERED that Defendant Akal Security Inc.'s "Motion to Compel the Joinder of a Necessary Party, or in the Alternative, to Dismiss for Failure to Join" [Dkt. # 15] is DENIED.

                                        S/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  April 16, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 16, 2007, by electronic and/or ordinary mail.

                                         S/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522